IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARVAN S.,

Petitioner,

vs.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Civil No. 1:26-cv-06470-MWJS

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

A# 245-442-755

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Sarvan S.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He entered the United States near the southern border on November 8, 2023, without inspection and was initially taken into immigration custody. Dkt. No. 1, at pgs. 2, 11. Following his arrival in the United States, DHS placed him in removal proceedings and released him from custody under conditions of release. *Id.* And because an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding'" in order to release a detainee from ICE custody, that decision "reflect[ed] a determination

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

by the government" that Petitioner was "not a danger to the community or a flight risk." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).

The government's assessment was borne out over the nearly three years that followed. For years following his release, Petitioner lived in Fresno, California, while his removal proceedings remained pending. *Id*. at pgs. 2, 11-12. The record reflects that Petitioner amassed no criminal history, Dkt. No. 6-1, at pg. 3, and that he complied with his immigration obligations and did not violate any condition of his release. Dkt. No. 1, at pgs. 2, 11-13. Indeed, on his last day at liberty, August 9, 2026, Petitioner was seeking to continue his compliance with release conditions: he reported to the Fresno ICE Enforcement and Removal Operations office pursuant to his Alternative to Detention (ATD) program and Intensive Supervision Appearance Program (ISAP) reporting requirements. Dkt. No. 6-1, at pg. 2.

But without any prior notice or opportunity to be heard, immigration officers arrested Petitioner at the office and returned him to detention. Dkt. No. 1, at pgs. 2, 11-13. He has remained detained at Golden State Annex since that time. *Id*. at pgs. 2, 4-5. So Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

After reviewing the petition, the court informed the parties of its intention to rule directly on the petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Abdoulaye, D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS, 2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *Jose A.M.L. v. Wofford*, No. 1:26-cv-03478-MWJS, 2026 WL 1272459 (E.D. Cal. May 8, 2026); *Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179-MWJS, 2026 WL 1455097 (E.D. Cal. May 22, 2026); and *P.P. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-03596-MWJS, 2026 WL 1481581 (E.D. Cal. May 27, 2026). Dkt. No. 5.

The court thanks Respondents for their timely response. Dkt. No. 6. Respondents do not attempt to distinguish any of those cases or argue that the ATD violations described in the I-213 justify denying the Petition. Instead, they maintain that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), while acknowledging that under *Rodriguez Vazquez v. Bostock*, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner's detention is governed by § 1226(a). Dkt. No. 6, at pg. 1. Respondents therefore acknowledge that under binding precedent, Petitioner "is entitled to seek a custody redetermination hearing before an immigration judge." *Id.*

But Respondents' acknowledgement does not go far enough. Given Petitioner's earlier release and the government's recognition that he did not pose a risk of flight or

danger to the community, Petitioner possessed a liberty interest in his continued release. Ordinarily, the government must provide pre-deprivation notice before depriving an individual of such a liberty interest. And Respondents have not identified any "urgent concerns" in this case that might have justified providing only post-deprivation process. *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947, at *6 (E.D. Cal. July 10, 2026) (cleaned up). And because "Petitioner should have been given process before his detention," he "must be ordered immediately released because it is not possible to remedy that constitutional violation with anything less." *Id.* at 3.

For the foregoing reasons, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Sarvan S. (A# 245-442-755) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight,

and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: August 20, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge